Filed 8/11/26  Ryan v. Contreras CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NATASHA J. RYAN,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>VINCENT CONTRERAS III,<br><br>    Defendant and Respondent. | F089444<br><br>(Super. Ct. No. FL-20-002387)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Alan K. Cassidy, Judge.

Natasha J. Ryan, in pro. per., for Plaintiff and Appellant.

Vincent Contreras III, in pro. per., for Defendant and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Franson, J. and Meehan, J.

The family court granted respondent Vincent Contreras III's request to change custody and visitation orders and granted him sole physical and legal custody of his minor child. Appellant Natasha J. Ryan, the child's mother, argues that the court violated her right to due process by proceeding on Contreras's request to change the custody and visitation orders in her absence.[1] The settled statement supports her argument. We shall reverse the court's March 3, 2025 findings and order after hearing and order the court to reopen and renotice the hearing on Contreras's January 22, 2025 request to permit Ryan the opportunity to appear and participate.

## PROCEDURAL BACKGOUND

Ryan filed a petition for custody and support in the Stanislaus County Superior Court on September 30, 2020. Based on the agreement of the parties, the court ordered both parties to have joint legal and physical custody of their minor child and included several other provisions on August 2, 2023.

On January 13, 2025, Contreras prepared a request to change child custody and visitation orders. Contreras wanted full legal and physical custody of the minor child, allegedly due to Ryan's "ongoing and unchecked behavior that has been affecting all children mentally and emotionally," suspicion that Ryan was under the influence of methamphetamine, and Ryan's behavior he characterized as paranoid. Contreras attached copies of Ryan's text messages as evidence of the allegations. As to the request, the court issued and filed a notice of telephonic mediation hearing for March 19, 2025, at 10:30 a.m. and ordered the parties to complete a mandatory online orientation prior to that time. The notice further advised that the court might make the requested order if Ryan failed to file a responsive declaration and appear at the hearing.

---

[1] Where, as here, a respondent fails to file a respondent's brief, "the court may decide the appeal on the record, the opening brief, and any oral argument by the appellant" (rule 8.220(a)(2)), "examining the record and reversing only if prejudicial error is shown" (*Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 334).

2.

On January 22, 2025, Contreras prepared a request to change child custody and visitation orders and for temporary emergency orders granting him legal and physical custody of the minor child until the March 19, 2025 hearing. He alleged that on January 20, 2025, one of the children reported that Ryan had yelled at her and injured her toe. A child protective services worker visited the home and directed Ryan to submit a drug test the following day. After the worker left, Ryan accused Contreras of conspiring to murder her and then left the residence after promising to return and remove the minor child from the home. Ryan later advised that she had entered a sober living home but did not clarify if she intended to return and take the minor child. The family court granted Contreras's request for temporary emergency (ex parte) orders, ordered full sole physical and legal custody of the minor child to Contreras, and ordered a further court hearing on the request for March 3, 2025. The temporary emergency orders would expire on March 3, 2025, unless extended by court order.

The court issued a notice of hearing to Ryan that provided information as to the date of the hearing, provided directions to appear telephonically, and warned Ryan that the court might make the requested order if she failed to file a responsive declaration and appear at the hearing. The notice further ordered that it be served five days before the hearing, a responsive declaration be filed and served at least two days before the hearing, and the parties must complete an online orientation program.

According to the family court's findings and order after hearing, Contreras appeared by phone on March 3, 2025, in support of his January 22, 2025 request to change child custody and visitation orders. A child custody counselor was also present, but Ryan did not appear. The order applicable to the minor child provided: "The following custody and visitation orders are imposed by the Court based upon the combined agreement of the party [*sic*] and recommendation of the child custody counselor in the absence of [Ryan] and without prejudice. This order shall supersede all prior orders." The court granted Contreras sole legal and sole physical custody of the

3.

minor child and entered additional orders that included Ryan was to undergo hair analysis drug screening at her expense by March 14, 2025, and Ryan could not file to modify child custody until she provided proof of a clean drug screen.

Ryan filed a timely notice of appeal on March 4, 2025. She elected to proceed by way of a settled statement on appeal. (See Cal. Rules of Court, rule 8.137(a), (b).)[2] The court certified her third amended proposed settled statement (the settled statement) as an accurate summary of the testimony and evidence relevant to her reasons for appeal, settled the statement, and certified that it was ready to be sent to the Court of Appeal.[3] The settled statement describes two errors in support of Ryan's appeal. The first argues that no substantial evidence supports the court's order in that Contreras falsely alleged she had abandoned the minor child. The second argues that she appeared in person for the hearing, but the bailiff instructed her that she needed to appear by telephone. Although she did not have phone service, Ryan accessed the internet at a nearby fast-food restaurant, successfully called in, and "was checked in by the mediator." However, she as unable to hear the proceedings and lost the connection but immediately emailed the court to report the issue.

## DISCUSSION

Both the federal Constitution and the California Constitution guarantee that individuals will not be deprived of life, liberty, or property without due process of law. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.) As parents have a "fundamental liberty interest … in the care, custody, and management of their child," they are entitled to due process in judicial proceedings affecting child custody. (*Santosky v. Kramer* (1982) 455 U.S. 745, 753.) Accordingly, in custody proceedings, parents are entitled to

---

[2]      Undesignated rule references are to the California Rules of Court.

[3]      Accordingly, "[w]e are bound by the contents of the engrossed settled statement." (*Waller v. Waller* (1970) 3 Cal.App.3d 456, 464.)

notice and a meaningful opportunity to be heard.  (*In re B.G.* (1974) 11 Cal.3d 679, 688–689; *In re Robert J.* (1982) 129 Cal.App.3d 894, 900.)  We review de novo whether a parent's due process rights have been violated.  (*In re J.H.* (2007) 158 Cal.App.4th 174, 183 [constitutional issues reviewed de novo].)

Although Ryan argues on appeal that the notice she received was not timely, that fact does not appear in the settled statement certified by the family court.  However, we cannot conclude that Ryan was afforded the opportunity to be heard that due process secures based upon the facts in the settled statement.  Although she appeared at the time and place of the hearing, the bailiff sent her away and directed her to call in telephonically.  Ryan was able to contact the court telephonically but lost the connection while waiting for the hearing to commence.

The Family Code and due process permit the court to proceed in the parent's absence.  (See Fam. Code, § 7870, subd. (b) ["If, at the time set for hearing, ... service has been completed and no interested person appears to contest, the court may issue an order based on the verified pleadings and any other evidence as may be submitted."]; *In re Vanessa M.* (2006) 138 Cal.App.4th 1121, 1131 ["When a parent is absent without good cause at a properly noticed hearing, the court is entitled to proceed in the parent's absence."]; *In re Clarissa H.* (2003) 105 Cal.App.4th 120, 122–124 [same]; *In re Angela R.* (1989) 212 Cal.App.3d 257, 275–276.)  However, in this case, Ryan did attempt to appear and was waiting on the telephone for the hearing to commence when technical issues derailed her efforts.  We find, in light of her efforts, that the technical difficulties that prevented her participation in the hearing establish good cause to excuse her absence during the hearing.  Due process secures the opportunity to be heard, and Ryan appears to have done all she could to take the opportunity to participate in the hearing.

We conclude this error requires reversal.

**DISPOSITION**

The family court's March 3, 2025 findings and order after hearing is vacated, and the matter is remanded for the court to reopen and renotice the hearing on Contreras's January 22, 2025 request to change child custody and visitation orders and for further proceedings consistent with this decision to permit Ryan the opportunity to appear and participate at the hearing. Ryan is entitled to her costs on appeal. (Rule 8.278(a)(2).)